# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 95-20719
Summary Calendar

_____

EDWARD TOLIVER and Myrtle Toliver,

Plaintiffs-Appellants,

VERSUS

ROBERT CONNER, Individually and is his Official Capacity as Police Officer of Columbus,
Texas; Russell Urban, Individually and in his Official Capacity as Police Officer of Columbus,
Texas; Colorado County Texas; Bill Easterling, Individually and in his Official Capacity as Sheriff
of Colorado County, Texas; Elton Adcock, Individually and in his Official Capacity as Jail
Administrator of the Colorado County Jail,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-92-2947)

_____

August 5, 1996

Before WISDOM, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

June 14, 1992, Officer Robert Conner arrested Marshall Toliver (Toliver), son of Edward and Myrtle Toliver, the plaintiffs-appellants, and charged him with resisting arrest. The plaintiffs allege that during this arrest, Conner severely beat Toliver, causing internal injuries. On July 19, 1992, following a domestic dispute between Toliver and his girlfriend, Officer Robert Urban arrested Toliver for disorderly conduct and public intoxication. Toliver was placed in the Colorado County, Texas jail, where he committed suicide by hanging himself with his belt.

Toliver's death prompted the plaintiffs to bring this suit to seek redress from the defendant-appellees under 42 U.S.C. § 1983 and the Texas Wrongful Death statute. The defendants responded to the plaintiffs' complaint with a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), in which they assert the defense of qualified immunity. The district court granted this motion, except with respect to the pendent state-law claims and an excessive force claim against Conner arising from Toliver's first arrest.[1] The plaintiffs appeal this ruling. Finding no reversible error, we AFFIRM.

The plaintiffs first contend that the district court erroneously applied the "heightened pleading" standard to their claims against defendant Urban. According to the plaintiffs, the Supreme Court overruled this standard in Leatherman v. Tarrant County Narcotics Unit,[2] so that their complaint needed only to satisfy the notice pleading requirements of FRCP 8. Though it addressed the heightened pleading requirement, the Leatherman decision extends only to suits against

---

[1]    The district court subsequently awarded summary judgment to Conner on this claim. The plaintiffs have not appealed this ruling and, therefore, abandon all claims against Conner on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

[2]    507 U.S. 163, 166 (1993).

2

municipalities and does not affect the application of the heightened pleading standard to suits against individual government officers, which includes police officers.[3] Thus, even assuming that the district court did apply the heightened pleading standard to the plaintiffs' claims against Urban, this argument must fail.

Next, the plaintiffs contend that even if <u>Schultea</u> is the controlling case law, then the district court still erred by failing to give the plaintiffs the opportunity to file a reply to Urban's claim of qualified immunity. In <u>Schultea</u>, this Court clarified the responsibilities of the parties and district courts in § 1983 suits:

> First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, *insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity*. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion to do so is narrow indeed when greater detail might assist.[4]

Relying on this language, the plaintiffs argue that the district court abused its discretion by failing to give them an opportunity to file "a reply tailored to [the defendants'] answer pleading the defense of qualified immunity".[5] In making this argument, however, the plaintiffs overlook the fact that they filed two responses to the defendants' motion to dismiss. The situation, then, is not one in which the plaintiffs had no opportunity to reply to Urban's assertion of qualified immunity; rather, the district court concluded that the plaintiffs' complaint as augmented by their responses could not

---

[3] See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc); <u>see also</u> <u>Baker v. Putnal</u>, 75 F.3d 190, 195 (5th Cir. 1996).

[4] <u>Schultea</u>, 47 F.3d at 1433-34 (emphasis added).

[5] <u>Id.</u>

survive the motion to dismiss.[6]  In these circumstances, the district court satisfied the Schultea requirements.

Finally, the plaintiffs complain that the district court converted the remaining defendants' motion to dismiss into a FRCP 56 motion for summary judgment by considering evidence outside of the pleadings.  The plaintiffs contend that while the district court may *sua sponte* make such a conversion, it must first provide adequate notice as required by FRCP 56(c).  The plaintiffs argue that this notice was not given.

Assuming that the district court did consider evidence beyond the pleadings, no error was committed.  The only record evidence available for the court's consideration consists of documents that *the plaintiffs* attached to their first response to the defendants' motion to dismiss.  FRCP 56© only requires that parties have at least ten days notice before final judgment "that the court *could* properly treat such a motion as one for summary judgment because it has accepted for consideration" evidence outside the pleadings.[7]  In the instant case, the plaintiffs had such notice at least from the date when the court accepted their initial response with attached exhibits for consideration,[8] which occurred three years before the district court granted the defendants' motion.  This span of time was more than sufficient for the plaintiffs to come forward with additional evidence to support their claim.

---

[6]  See Todd v. Hawk, 72 F.3d 443, 446 (5th Cir. 1995).

[7]  Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990) (emphasis added) (quoting Clark v. Tarrant County, 798 F.2d 736, 746 (5th Cir. 1986)).

[8]  Id. ("At least from the date that the [plaintiff] himself submitted to the court matters outside the pleadings, . . . [the plaintiff] was on notice that the trial court could treat the motion to dismiss as a motion for summary judgment.")

4

Thus, even assuming that the district court did convert the defendants' motion to dismiss to one for summary judgment, the plaintiffs had adequate notice.

AFFIRMED.